**John E. BUSSELL, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant-Appellee.**

**No. 16696.**

United States Court of Appeals
Seventh Circuit.

Aug. 21, 1968.

Douglas B. McFadden, Indianapolis, Ind., for plaintiff-appellant.

Alan W. Boyd, John W. Houghton, Indianapolis, Ind., George E. Frost, Albert F. Duke, Detroit, Mich., for defendant-appellee.

Before HASTINGS, KILEY and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an action seeking an accounting for wrongful appropriation by Gen-

eral Motors Corporation of plaintiff-appellant's design for a turn signal for motor vehicles. The district court granted defendant-appellee's motion for summary judgment dismissing the action with prejudice, at plaintiff's costs.

Bussell, while a young man of seventeen years, developed a design for a vehicular turn signal and contacted by mail, Guide Lamp Corporation [a division of General Motors Corporation] offering to sell his design plans. He was informed that no consideration would be given unless the design was patented. Shortly thereafter, without applying for patents, he stated that he visited Guide Lamp Corporation with drawings, had discussions and left his drawings. The exchange of letters and the visit occurred in the months of January and February of 1930.

In the years 1936 to 1939, Bussell observed General Motors trucks and other vehicles using the turn signal. Since the original contact in 1930, no further communications or negotiations were had with Guide Lamp or General Motors Corporation until August, 1966, when demand was made upon General Motors for an accounting. The action for an accounting was filed in December of 1966.

Plaintiff-appellant contends that the matter in dispute is such an action that precludes its decision by summary judgment. There is no variance between the parties that correspondence did take place in early 1930, and during the intervening 36 years that no affirmative action was taken by plaintiff-appellant. The record is replete with recorded patents and numerous technical articles concerning turn signals as early as 1917.

Plaintiff-appellant having waited a period of 36 years before taking any action is clearly barred by laches, regardless of whether there is substance to his claim or not. First National Bank in Lowell v. Lowell National Bank, 139 F. 2d 536, 540 (7th Cir. 1943):

"Seven years of silence and of acquiescence during which death has taken its toll of the important witnesses and parties to the negotiations and during which time records have been lost, present persuasive facts which are material on both issues."

See also Stiefel v. Farmers' State Bank, 89 Ind.App. 692, 168 N.E. 30, 33 (1929).

The same may be said of the circumstances of the matter on appeal. No patent was issued to Bussell; John L. Koubek, with whom plaintiff-appellant corresponded, is deceased; the old file records of Guide Lamp have been disposed of in the ordinary course of business; and Bussell has stood silent for 36 years. Rome Grader & Machinery Corp. v. J. D. Adams Mfg. Co., 135 F.2d 617, 619 (7th Cir. 1943):

"* * * there are two elements in effective laches; (1) Lack of diligence on the part of the plaintiff; (2) injury to defendant due to such lack."

Plaintiff's only argument for failure to take action is that he was a "poor man during all those years without sufficient funds to finance a lawsuit * * *," although he testified by deposition that he was continuously employed since 1934, owned an unmortgaged home, and, during a great portion of this time, owned two automobiles. It is unreasonable to conclude that Bussell could not have obtained funds or counsel to pursue his action had he believed in the substance and originality of his "idea." Hayward v. Eliot National Bank, 96 U.S. (6 Otto) 611, 24 L.Ed. 855 (1877); Powell v. Zuckert, 125 U.S.App.D.C. 55, 366 F.2d 634 (1966). He observed General Motors trucks and vehicles using a turn signal device; he frequently repaired vehicles using the device in the latter 1930's and despite this personal knowledge did not assert any right he might have.

Defendant-appellee would be injured in an accounting by the delay, presuming appellant would be sustained. Large investments have been made in the development of turn signal devices and in their manufacturing and installation on

more than thirty million General Motors vehicles.

We have considered the remaining points raised by plaintiff-appellant and do not find it necessary to comment upon them.

The judgment of the district court is affirmed.

Affirmed.